**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLYDE PONTEFRACT, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, et al., <br><br> Defendants. | Civil Action No. 23-2569 (KMW) (MJS) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Clyde Pontefract's complaint. (ECF No. 1.) As Plaintiff has now paid the applicable filing fee[1] and is a prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.      BACKGROUND**

Plaintiff is a federal prisoner currently confined in FCI Fort Dix. (ECF No. 1 at 2.) Plaintiff seeks in his complaint to bring suit against the Warden of Fort Dix and the local post office which serves Fort Dix for issues he has had with various pieces of mail he has sent and received while at

---

[1] Plaintiff mailed the fee to the Court several months ago, but records of the payment were not made available to the court until relatively recently as Plaintiff mailed the fee to a different vicinage and the payment was not attributed to this matter until early October 2023.

the prison. (*Id.* at 3-22.) Plaintiffs issues began in late 2021, following the denial of his certificate of appealability by the Fifth Circuit in his collateral challenge to his conviction. (*Id.* at 4.) Plaintiff sought to file a petition for rehearing, but his filing became delayed when his mailing of the petition was returned for insufficient postage twice. (*Id.* at 3-6.) Plaintiff filed grievances regarding this situation, but was told that the post office, and not the prison, determines postage rates and determines whether additional postage is needed. (*Id.* at 6-7.) In March 2022, Plaintiff mailed another document which was apparently never received by the paralegal service to which he mailed it. (*Id.* at 11.) In May 2022, Plaintiff mailed another package to the paralegal service, which was not received until August. (*Id.* at 13.)

Plaintiff also had issues with incoming mail. In October 2021, he received mail from the Fifth Circuit which he believes was not properly processed, though it is unclear in what way he believes the processing was improper. (*Id.* at 10.) Plaintiff also ordered a congressional report related to a 2003 statute from a paralegal service, but received a copy missing 78 pages. (*Id.* at 12.) When he complained, prison officials told him that the paralegal service must have sent an incomplete report and denied any responsibility for missing pages. (*Id.* at 12.) Plaintiff believes all of these actions violate his rights and are in violation of various BOP and Post Office policies. (*Id.* at 14-18.)

## II.     LEGAL STANDARD

Because Plaintiff is a prisoner who seeks redress from employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim

2

pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III. <u>DISCUSSION</u>**

In his complaint, Plaintiff seeks to raise federal civil rights claims against the Bureau of Prisons, the warden of Fort Dix, and the United States Post Office for his issues with mail while in prison. Plaintiff also states that he wishes to raise a challenge to his mail issues pursuant to the Administrative Procedure Act. Turning first to the APA, judicial review under the Act requires both that there be a final agency action made by the federal agency in question and that no other adequate remedy be available in a court of law. *See, e.g.,* 5 U.S.C. § 704; *Wayne Land & Mineral Group LLC v. Del. River Basin Comm.*, 894 F.3d 509, 526 (3d Cir. 2018). Plaintiff's claims do not concern actual final actions by the agencies in question – the BOP and Post Office – and instead attacks discrete failures to live up to applicable regulations by persons employed by Fort Dix or the local Post Office. Therefore, because there is no final agency action at issue here, and because Plaintiff has other potential avenues for relief including federal civil rights claims, review under the APA is not available, and Plaintiff's APA claims are therefore dismissed without prejudice.

Turning to Plaintiff's civil rights claim, Plaintiff essentially raises two classes of claims – interference with his right to use of the mail, and interference with is access to the courts. Although civil rights claims can be raised on such bases, he names as Defendants in this matter two federal agencies – the Post Office and BOP – and the Warden of Fort Dix, who Plaintiff fails to allege was in any way involved in the mail issues he experienced. Federal civil rights claims, however, cannot be brought against federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994). Plaintiff's claims against the Post Office and BOP must therefore be dismissed.

Finally, as to the Warden, Plaintiff fails to plead any facts showing that the warden was in any way involved in his mail issues. A federal civil rights defendant must have personal involvement in the alleged wrong in order to be held liable, a claim may not be based solely on a defendant's role as a supervisor. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). In raising a

4

claim against a supervisor, a Plaintiff must therefore normally plead either direct involvement in the alleged violation, or that a policy, practice, or custom put into place by the supervisor was the moving force behind the violations alleged. *Id.* Plaintiff has not pled any facts indicating that the Warden was involved in his mail issues, and has not identified any policy, practice, or custom imposed by the warden which caused the violations. Indeed, he identifies a number of prison policies in his complaint all of which he believes entitle him to more full use of the mail, suggesting that any violations arising from his mail issues were contrary to, rather than motivated by, the prisons policies. As Plaintiff has not pled facts showing that the warden was personally involved in any wrongs, his claims against the warden must be dismissed without prejudice for failure to state a claim for which relief may be granted.

### IV.     CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge